UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRVIEN K.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

CASE NO. 1:22-cv-00476 (JGW)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HILLER COMERFORD INJURY & DISABILITY LAW<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ.<br>IDA M. COMERFORD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ.<br>ANDREEA LECHLEITNER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.    **RELEVANT BACKGROUND**

   A.    **Factual Background**

Plaintiff was born on July 29, 1989, and has less than a high school education. (Tr. 168, 195). Generally, plaintiff's alleged disability consists of bipolar disorder, agoraphobia with panic disorder, posttraumatic stress disorder, antisocial personality disorder, borderline intellectual functioning, borderline personality disorder, and obesity. (Tr. 194). His alleged disability onset date was January 1, 1997, but it was amended to July 10, 2019, at the hearing. (Tr. 15, 189).

   B.    **Procedural History**

On July 10, 2019, plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 175-79). Plaintiff's application was denied initially and upon reconsideration. (Tr. 78). Plaintiff then timely requested a hearing before an Administrative Law Judge (ALJ). On November 23, 2020, plaintiff appeared before ALJ Stephen Cordovani. (Tr. 33-63). On December 8, 2020, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-32). On April 28, 2022, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.    **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 10, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: schizoaffective disorder, post traumatic stress disorder (PTSD), bipolar disorder, borderline intellectual disorder, attention deficit disorder, anti-social personality disorder, disorders of the spine, and obesity (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb stairs and ramps but never climb ladders, ropes or scaffolds. The claimant can never work at unprotected heights. The claimant can understand, remember and carry out simple instructions and tasks. The claimant is able to work in a low stress work environment reflected by simple, unskilled work, no supervisory duties, no independent decision-making or goal setting, no strict production quotas as with assembly line work and minimal changes in work routine and processes. The claimant can have no work or travel to unfamiliar places. The claimant can have occasional interaction with supervisor and co-workers, but no or only incidental interaction with the general public and no team, tandem or co-dependent work.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on July 29, 1989 and was 29 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 10, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-28).

## II.  THE PARTIES' BRIEFINGS

### A.  Plaintiff's Arguments

Plaintiff makes essentially two related arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ used the wrong legal standard when evaluating opinions from plaintiff's mental health provider. (Dkt. No. 9 at 12 [Pl.'s Mem. of Law].). Second, plaintiff asserts the ALJ mischaracterized the record when rejecting the same opinions. (Dkt. No. 9 at 16).

### B.  Defendant's Arguments

In response, defendant argues the ALJ used the language and factors of the new, appropriate regulations when assessing the opinion evidence and supported his findings with substantial evidence.  (Dkt. No. 10 [Def.'s Mem. of Law].)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.");

*Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R.

§416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues that the ALJ applied the wrong legal standard for evaluating the medical opinions of record. (Dkt. No. 9). Plaintiff particularly takes issue with the ALJ's evaluation of the opinions from Licensed Mental Health Counselor (LMHC) Bass, plaintiff's treating therapist. (*Id*. at 13).

Plaintiff filed his application for benefits after March 27, 2017; therefore, the agency applies 20 C.F.R. § 416.920c rather than 20 C.F.R. § 416.927. These new regulations no longer apply the treating-physician rule, which created a hierarchy of deference applied to sources offering medical opinions. Instead, under the new regulations, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). 20 C.F.R. § 416.920c(a). The regulations explain that when "evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings," the "most important factors ... are supportability ... and consistency." *Id.* The regulations further require the ALJ to explain how he considered

the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in its determination or decision. *Id*. § 416.920c(b)(2).

The Second Circuit has stated that an ALJ's procedural error in applying the new regulations may constitute harmless error if a searching review of the record assures the court that the substance of the regulation was not traversed. *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (*quoting Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)) (internal quotation omitted).

As a preliminary matter, the parties agree that the ALJ committed legal error by citing an old regulation when he highlighted that LMHCs are other medical sources pursuant to 20 CFR 416.927(f). (Tr. 25; Dkt. No. 10 at 8). However, a review of the record assures the court that the substance of the regulation was not traversed. Plaintiff's argument focuses on a sole sentence of the ALJ's analysis of LMHC Bass's opinion while ignoring key language in the remaining seven sentences of the analysis, as well as discussion of other opinion evidence. To be sure, the ALJ directly discussed the persuasiveness of LMHC Bass's opinions and the factors of consistency and supportability:

> I find these opinions, while similar to each other, **not persuasive** overall as they are **not supported or consistent** with the correlating and contemporaneous treatment records which do not reflect the severity of limitations and show that the claimant is capable of maintaining focus, has intact memory and fair to good judgment and insight and generally mild mental status clinical findings (see e.gs. 5F/33, 122, 196, 251, 10F/17, 41, 56, 16F/18, 54, 120, 180). Moreover, the consultative examination noted through detailed testing that only mild intellectual deficits **were supported** (6F)…Lastly, claimant report at hearing re [sic] auditory hallucinations, which is **not supported** by the medical treatment record, calls into question the **consistency** of his reporting to his providers ... As such, given the claimant's abilities are greater than opined, these opinions are therefore found to be **not persuasive** as they are **not supported** by the totality of the evidence, despite the treatment history with the claimant. (Tr. 25).

It is clear to the court that the ALJ applied the correct analysis pursuant to the new regulations. The ALJ's error of referencing the old regulation which pertained to the treating relationship is deemed harmless.

In plaintiff's second argument, he agrees that the ALJ found LMHC Bass's opinions not persuasive on the grounds of consistency and supportability. (Dkt. No. 9 at 16). However, he contends the ALJ mischaracterized the record when evaluating the opinions. (*Id*.). Plaintiff asserts that the ALJ "totally ignored" records that evidenced difficulties in concentration and attention and that the ALJ's conclusion he improved with medication compliance was a mischaracterization of the evidence. (Dkt. No. 9 at 17-18).

First, the court concludes that the ALJ did not mischaracterize the record. Plaintiff cites to evidence in the record that the ALJ did not explicitly discuss in his analysis and argues that the ALJ's omission of this evidence amounts to a mischaracterization of the record. (*Id*.). However, although he is required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted. *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 448 (2d Cir. 2012) (quote omitted *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Further, an ALJ's failure to cite specific evidence does not indicate that such evidence was not considered. *Id.*

In this case, while the ALJ did not cite to every example given by plaintiff, he did not mischaracterize the record by ignoring evidence that could have resulted in a different finding. He certainly did not totally ignore plaintiff's problems with attention and concentration as alleged. (Dkt. No. 9 at 18). Rather, ALJ Cordovani spent five sentences discussing the allegations and evidence related to plaintiff's distractibility, concentration,

focus and ability to complete tasks. He highlighted medical findings from LMHC Bass and consultative examiner Dr. Santarpia followed by the conclusion of the non-examining psychological consultants. (Tr. 19-20). A review of the administrative record further corroborates the ALJ's conclusion regarding attention, memory, and judgment/insight. (*See i.e.,* Tr. 692 (noting "ability to attend and maintain focus"), 704 (same), 728, 904 ("good attention and concentration"), 692 ("Recent memory appears WNL. Remote memory is WNL"), 704 (same), 728, 740 ("Recent memory appears normal. Remote memory is WNL."), 752 (same), 765, 782, 794, 806, 818, 832 ("memory intact, oriented x3"), 836, 849, 866, 904 ("short and long-term memory within normal limits"), 724 ("good insight and judgement"), 778 (same), 832 ("good insight and judgment."); *see also* T692, 704, 728, 740, 752 ("judgement is good"), 765, 782, 794, 806, 818, 836, 849, 866).

Similarly, plaintiff's argument that the ALJ mischaracterized the evidence of improvement with medication compliance is without merit. Again, the record plainly does not support plaintiff's arguments. Throughout treatment records there is evidence that medications help with symptoms when taken. (*See i.e.* Tr. 751 ("Ct admits to feeling improvement almost immediately after resuming his medication."), Tr. 688 ("current medications help control symptoms"), Tr. 702, Tr. 724 ("Patient couldn't get his medications for a month because of insurance problems according to his story. That led him to go into withdrawal including irritability, mood swings, excessive anxiety, nightmares etc."), 739.

Plaintiff's argument focuses on the opinion of LMHC Bass, however the ALJ appropriately relied on other opinions in the record. ALJ Cordovani found the opinion of consultative examiner Susan Santarpia, Ph.D., to be somewhat persuasive. (Tr. 26). The

ALJ incorporated the opined limitations of difficulty regulating emotions, understanding complex instructions and directions, relating adequately with others, and controlling behavior to a mild degree. (Tr. 26). He also found the opinions of State Agency psychiatric consultants, T. Inman-Dundon, Ph.D. and L. Dekeon, Ph.D., to be somewhat persuasive. (Tr. 25). It is well-established that the opinions of consultative examiners and state agency psychiatric consultants can provide substantial evidence in support of an ALJ's RFC determination. *See Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (finding that the ALJ appropriately relied on State agency physician opinion).

It was the ALJ's duty to weigh the evidence of record and resolve any conflicts. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d. Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."). While plaintiff has cited evidence which he believes supports his view of the case, the ALJ supported his finding with substantial evidence. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (even if plaintiff can show that "the evidence is susceptible to more than one rational interpretation," in such cases, "the Commissioner's conclusion must be upheld."). The plaintiff has failed to establish any error which would merit remand.

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is
**DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is
**GRANTED**.

.

Dated: November 12, 2024             <u>J. Gregory Wehrman</u>
Rochester, New York                HON. J. Gregory Wehrman
                                                                     United States Magistrate Judge